00-6273.rr5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FREDERICK MASSARO, et al.,

    Defendant.

_____/



### REPORT AND RECOMMENDATION

**This Cause** is before the Court on Defendant Frederick Massaro's Motion to Dismiss Indictment, RICO Conspiracy (D.E. 161) and Motion to Dismiss Murder Related Counts (D.E. 163). The Court has reviewed the Motions and the Response.

#### Facts and Discussion

Defendant moves to dismiss Count I (RICO Conspiracy) of the Indictment, arguing that it fails to define the purported enterprise with which the Defendant was allegedly associated. Defendant additionally argues that the Indictment as drawn is improperly vague and indefinite. Finally, Defendant argues that the RICO statute is unconstitutionally overbroad and vague.

With respect to the Murder Related Counts (Counts 17, 18, 19 and 20), Defendant again argues that the "enterprise" is not adequately defined. Defendant additionally argues that the statute allegedly violated, 18 U.S.C. § 1959(a)(5) is overbroad, violates the Fifth, Eighth and Tenth Amendments, and exceeds the power of congress as drafted. Defendant also argues that the Indictment is so vague and indefinite as to deprive Defendant of due process of law.

I. **RICO Conspiracy**

As defined in the RICO statute, the term "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The term is broadly defined, and it is now well settled that an "enterprise" can be legitimate or illegitimate. United States v. Turkette, 452 U.S. 576, 580 (1981). Paragraph 3 of Count I defines the enterprise in this case as follows:

> 3. The enterprise by which the defendants were employed and with which they were associated, and which was engaged in and the activities of which affected interstate and foreign commerce, was the South Florida crew of the Gambino Crime Family, which was a group of individuals associated in fact, although not a legal entity, which group constituted an enterprise as defined in Title 18 United States Code, Section 1961(4), and which enterprise engaged in various criminal activities within the Southern District of Florida and elsewhere, and, as such, constituted an enterprise as defined in Title 18 United States Code, Section 1961(4).

The Eleventh Circuit has noted that an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Cagninia, 697 F.2d 915, 920 (11th Cir. 1983). Defendant argues that there must also be an ascertainable structure "distinct from that inherent in the conduct of a pattern of racketeering activity," citing case law from the Eighth Circuit. See United States v. Anderson, 626 F.2d 1358 (8th Cir. 1980). However, the Eleventh Circuit in Cagninia specifically declined to follow that line of cases. 697 F.2d at 920-21.

This Court finds that the organization described in Paragraph 3 of the Indictment, particularly as further described in Paragraphs 1 though 12, clearly fits the definition of an enterprise. See Turkette, supra; United States v. Mitchell, 777 F.2d 248, 259 (5th Cir. 1985); United States v. Local 560, Int'l Brotherhood of Teamsters, 780 F.2d 267, 273 (3d Cir. 1985) ("Provenzano group" of the Scarfo organized crime family ); United States v. Santoro, 647 F. Supp. 153, 176 (E.D.N.Y. 1986)

("Luchese Family").¹ This Court further finds that the Indictment adequately alleges a nexus between the acts of racketeering and the alleged enterprise. See United States v. Carter, 614 F.2d 1514 (11th Cir. 1984).

With respect to Defendant's argument that the RICO statute is unconstitutionally overbroad and vague, Defendant concedes that he "recognizes the 11th Circuit has upheld the RICO statute and the Court is bound thereby." Memorandum at 5. Accordingly, this argument is also rejected.

## II. Murder Related Counts

As noted above, this Court finds that the alleged "enterprise" is adequately defined in the Indictment. With respect to Defendant's argument that 18 U.S.C. § 1959(a)(5) is overbroad, violates the Fifth, Eighth and Tenth Amendments, and exceeds the power of congress as drafted, Defendant again concedes that "the statute at bar has been held to facially satisfy the 'substantial effect' requirement for Congress to regulate under the commerce clause." See United States v. Torres, 129 F.3d 710 (2d Cir. 1997). Defendant argues, however, the "vagueness of the Indictment and the actual facts will find the matter unconstitutional at least as applied." Motion to Dismiss Murder Related Counts, ¶ 8. This Court has examined the Indictment and finds that it is not overly vague, and adequately advises the Defendant of the charges against him.

Defendant specifically argues that the statute cannot withstand an "as applied" attack in this case, because the Indictment does not properly allege that the murder was one "committed for purpose of gaining entrance to or maintaining or increasing a position in an enterprise. Such is not

---

¹Defendant himself concedes in his Memorandum that, even if a separate "structure" is required to be alleged, "[s]uch structure might be demonstrated by proof that the group has an organizational pattern or system of authority beyond what is necessary to perpetrate the predicate crimes. Examples are a Mafia family, or the business of planning and distribution of proceeds of a prostitution ring, or indeed the Outlaw motorcycle gang. [citations omitted]." Memorandum at 4 (emphasis added).

the case, in that the Counts at issue specifically allege this fact. Indictment at Count 17, ¶ 4; Count 18, ¶ 4; Count 20 ¶ 4.

### Recommendation

Accordingly, this Court respectfully recommends that the Motion to Dismiss Indictment, RICO Conspiracy and Motion to Dismiss Murder Related Counts be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 6th day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Paul C. Huck
     Lawrence D. LaVecchio, Esq. (AUSA)
     Richard Houlihan, Esq.
     Samuel Deluca, Esq.
     Jeffrey Weinkle, Esq.
     Donald Spadero, Esq.
     Michael Smith, Esq.
     Fred Haddad, Esq.
     Albert Levin, Esq.
     Thomas Almon, Esq.
     Manuel Gonzalez, Esq.
     William D. Matthewman, Esq.
     Christopher A. Grillo, Esq.