UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CR-06273-HUCK

UNITED STATES OF AMERICA

   Plaintiff

vs

FRANCIS A. RUGGIERO

   Defendant

_____

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE

   The defendant, Francis A. Ruggiero, by and through the undersigned counsel, respectfully moves this Honorable Court for entry of an Order for the early termination of defendant from his period of Supervised Release. In support of this motion the defendant would state.

   1. The defendant entered a plea of guilty to the offense of conspiracy in violation of 18 USC 1962 d and was sentenced by this Court on January 25, 2002.

   2. The defendant was sentenced to a custodial term of Eighteen (18) months and was given a self surrender date of March 25, 2002. The defendant duly surrendered in accord with the direction of this Court and fully completed the custodial requirements of this sentence.

   3. The defendant was released from custody on or about May 19, 2003 and a Half Way House July 2, 2003 and thereafter began service of the three (3) year period of Supervised Release and continues in such status.

   4. The defendant has complied with all terms and requirements of the Special Conditions of Supervision, including the completion of all community service required to date and the payment

of all financial penalties. Attached hereto and made a part hereof is a copy of a letter from the Southern District of Florida Probation Department confirming the within representations. A copy of the Judgment of Conviction is also attached.

Based upon the foregoing this defendant respectfully request this Court enter an Order terminating the Supervised Release portion of the defendants sentence.

                                                                   DE LUCA & TAITE
                                                                   Attorney for Defendant
                                                                   3451 Kennedy Blvd.
                                                                   Jersey City, New Jersey 07307
                                                                   (201)653-7200
                                                                   (201)653-6979

Date: April 13, 2005                                               SAMUEL R. DE LUCA, ESQ.

Certification of Service

I hereby certify that a true and correct copy of the foregoing was delivered by U.S. Mail to the following this 13 Day of April, 2005,

Lawrence D. La Vecchio, Esq.
Asst. United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394

Viviana Bibliowicz, U.S. Probation Officer
United States Probation Dept.
One Biscane Tower
2 South Biscayne Blvd., Suite 250
Miami, Florida 33131

                                                                   SAMUEL R. DE LUCA, ESQ.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PROBATION OFFICE**

**FRANK SCHWARTZ**  
**CHIEF PROBATION OFFICER**

ONE BISCAYNE TOWER  
2 SOUTH BISCAYNE BLVD., SUITE 2501  
MIAMI, FL  33131

March 15, 2005

Samuel R. De Luca, Attorney-at-Law  
3451 Kennedy Boulevard  
Jersey City, NJ  07307-3034

                    RE:  **RUGGIERO, FRANCIS**  
                           **SD/FL PACTS NO. 65590**  
                           **RESPONSE TO INQUIRY**

Dear Mr. De Luca:

      The following is in response to your letter inquiring whether Mr. Ruggiero will receive an early termination of supervision as he has complied with his conditions of release and satisfied his special conditions. To answer the points you state as a basis for his early termination request, Mr. Ruggiero has in fact paid his fine in full, has completed his community service obligation and does voluntarily attend AA meetings on a regular basis. Nonetheless, please be advised, the Southern District of Florida does not routinely initiate requests for early termination with the Court.

      Your office may, however, initiate a Motion For Early Termination to the Court and forward the probation office a courtesy copy. At that time, we will respond directly to the Court. Please be advised, the probation office is not at liberty to discuss its recommendation to the Court with anyone.

      If you have any further questions, please feel free to contact this officer.

                                                 Sincerely,

                                               Viviana Bibliowicz  
                                               United States Probation Officer  
                                               (305) 808-6409

Reviewed by: _____  
                   Marlene Barratt, Supervising  
                   United States Probation Officer

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case

Page 1 of 6

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

FILED by _____ D.C.

JAN 29 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

FRANCIS A. RUGGIERO

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:00-CR-6273-HUCK

Counsel For Defendant: SAMUEL DELUCA, ESQ.
Counsel For The United States: LAWRENCE LA VECCHIO
Court Reporter: LARRY HERR

The defendant pleaded guilty to Count of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC 1962 (d) | CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT | 9/19/00 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) OPEN COUNTS dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. ███
Defendant's Date of Birth ███
Deft's U.S. Marshal No.: 02400-748

Defendant's Mailing Address:
7356 Gray Avenue
Miami Beach, Florida 33141-2509

Date of Imposition of Sentence:
January 25, 2002

PAUL C. HUCK
United States District Judge

January __, 2002

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                              Page 2 of 6

DEFENDANT: FRANCIS A. RUGGIERO
CASE NUMBER: 1:00-CR-6273-HUCK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **EIGHTEEN (18) MONTHS.**

The Court recommends to the Bureau of Prisons:

THAT THE DEFENDANT BE HOUSED IN A FACILITY IN THE SOUTH FLORIDA REGION.

The Defendant shall surrender to the United States Marshal for this district on **March 25, 2002 at 8:30 A.M.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                              _____
                                                              UNITED STATES MARSHAL

                                                              By:_____
                                                                      Deputy U.S. Marshal

DEFENDANT: FRANCIS A. RUGGIERO
CASE NUMBER: 1:00-CR-6273-HUCK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                            Page 4 of 6

DEFENDANT: FRANCIS A. RUGGIERO
CASE NUMBER: 1:00-CR-6273-HUCK

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the US. Probation Office. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall perform **TWO HUNDRED (200) hours** of community service PER YEAR over the period of supervision, as directed by the United States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                                                                    Page 5 of 6

DEFENDANT: FRANCIS A. RUGGIERO
CASE NUMBER: 1:00-CR-6273-HUCK

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $7,500.00 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: FRANCIS A. RUGGIERO
CASE NUMBER: 1:00-CR-6273-HUCK

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$7,600.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.